```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

```
MICHAEL PEARL et al.,         :    NO. 1:09-CV-00912
                              :
       Plaintiffs,            :
                              :    OPINION AND ORDER
    v.                        :
                              :
CITY OF WYOMING, et al.,      :
                              :
       Defendants.            :
```

Before the Court are Defendants' Partial Motion for Judgment on the Pleadings and Partial Motion to Stay Discovery (doc. 3)[1], Plaintiffs' Memorandum in Opposition thereto (doc. 25), Defendants' Reply in support thereof (doc. 29), Plaintiff Cathy Deters' Motion to Amend Complaint and Motion for Remand to State Court (doc. 12), Defendants' Memorandum in Opposition thereto (doc. 14), and Plaintiff Cathy Deters' Reply in support thereof (doc. 26). For the following reasons, the Court DISMISSES this case from its docket.

**I. Background**

The facts of this matter, which for the purposes of the instant motions are taken to be true, are alleged in Plaintiffs' complaint as follows. Plaintiffs Pearl, Miller and Deters were

---

[1] The Court held a preliminary pretrial conference in this matter on February 18, 2010, at which the Court denied Defendants' motion to stay discovery, leaving only the partial motion for judgment on the pleadings pending.

employees of Defendant City of Wyoming (the "City") until their employment was terminated on September 15, 2009 (doc. 2). According to the City, Plaintiffs were terminated because they allegedly consumed alcohol while on City property and while at least one Plaintiff was on-duty (Id.). On September 4, 2009, Plaintiffs were interviewed by City officials and a police officer from Springfield Township during which they were allegedly given lie detector tests and prevented from leaving the building (Id.). Another City employee, Jack Burkhardt, was being investigated at the same time for allegedly violating the City's policy of consuming alcoholic beverages on City property on a separate occasion (Id.). However, he was apparently not subjected to a lie detector test, was not prevented from leaving the building, was not intimidated or coerced, and remains employed by the City (Id.).

On September 8, 2009, Plaintiffs Pearl and Miller met with City officials for what turned out to be a ten-minute meeting and were told that if they signed releases of claims immediately they would be permitted to resign; if they failed to sign the releases, their employment would be terminated (Id.). They were also told that only a statement of resignation would be available to the public and that any accusations against them would not be retained in City files (Id.).

On that same day, the City summoned Plaintiff Deters to a meeting with City officials (Id.). However, Deters was off work

because she was receiving treatment for health issues that had arisen subsequent to the City's investigation of this matter (Id.). Deters was not released by her physician to return to work until September 14, 2009, which the City knew (Id.). The City sent Plaintiff Deters an email on September 10, 2009, informing Deters that her employment would be terminated on September 15, 2009, if she did not resign sooner (Id.).

Plaintiffs originally filed an action in state court with the following claims: discrimination against Plaintiff Pearl on the bases of his race and disability and discrimination against Plaintiffs Miller and Deters on the basis of gender in violation of Ohio Revised Code 4112; common law fraud regarding allegedly false statements made to induce Plaintiffs to sign releases; civil conspiracy with respect to the alleged fraudulent inducement; spoliation/interference of evidence regarding a contract with a third party that was allegedly created to disrupt Plaintiffs' case; intentional infliction of emotional distress; false imprisonment; and, as to Plaintiff Deters, interference with and retaliation for the exercise of her rights under the Family Medical Leave Act, 29 U.S.C. §2611 (doc. 1). Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 (Id.). Defendants then filed the instant motion (doc. 3) and an amended answer (doc. 7). Plaintiffs then filed their motion to amend (doc. 12) and a response to Defendants' motion for judgment on the

pleadings (doc. 14).  The pending motions are ripe for the Court's consideration.

## II. The Applicable Standard

The Court may grant a party's motion for judgment on the pleadings under Federal Rule 12(c) if it determines that the moving party is entitled to judgment as a matter of law.  In arriving at such determination, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008).  In its evaluation, the Court may consider the "pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits."  Felix v. Dow Chemical Co., No. 2:07-CV-971, 2008 WL 207857, *1 (S.D. Ohio Jan. 23, 2008).  The Court may also "consider materials in addition to the pleadings without converting the motion to one for summary judgment if the materials are public records or are otherwise appropriate for the taking of judicial notice."  Id.  The same standard of review applies to both 12(c) motions for judgment on the pleadings and 12(b)(6) motions to dismiss.  Tucker, 539 F.3d at 549.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint.  The basic

federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30 (citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009)). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949.  Plausibility falls somewhere between probability and possibility.  Id. (citing Twombly, 550 U.S. at 557).  As the Supreme Court explained,

> In keeping with these principles a court considering a motion to dismiss can choose to begin

5

> by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)(quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969)). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate

6

> the case, it seems fair to assume that those facts do not exist.

<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434 (6th Cir. 1988).

**III. Discussion**

Defendants move the Court to dismiss all of the state-law claims against them, both the statutory discrimination claims and the common law claims, on the grounds that (i) Plaintiffs have failed to plead facts sufficient to create a plausible inference of harm as required by <u>Iqbal</u> and <u>Twombly</u>; (ii) Plaintiffs Miller and Pearl are barred by their respective releases from bringing this action; and (iii) the City and its employees are shielded by statutory immunity from Plaintiffs' claims of spoliation, intentional infliction of emotional distress, false imprisonment, common law fraud and civil conspiracy (doc. 3). Plaintiffs contend they have presented a well-pleaded complaint and have satisfied the burden imposed by Federal Rule of Procedure 8, even under <u>Iqbal</u> and <u>Twombly</u> (doc. 25). Further, Plaintiff Deters seeks to drop the FMLA claim in her Motion to Amend (doc. 12).

In its current state, the only federal claim in Plaintiffs' complaint, and the sole basis for this Court's jurisdiction, is Plaintiff Deters' claim that Defendants interfered with her rights under the Family Medical Leave Act ("FMLA") and/or retaliated against her for her exercise of those rights. This is the one claim Defendants do not move the Court to dismiss, and it

7

is the one claim Plaintiffs seek to drop through their proposed amended complaint. In the Court's own analysis, that claim cannot proceed based on the facts presented in the complaint. Even a very liberal reading of the complaint does not provide sufficient facts to support a plausible inference that either Defendants interfered with Plaintiff Deters' use of the FMLA or retaliated against her for such use. Indeed, Deters does not even allege in the complaint that she exercised any rights at all under the FMLA; she merely states that the emotional distress she suffered after the investigation and detention by City officials on September 4 is a "qualifying serious health condition under the [FMLA]" (doc. 2). This, of course, is not a <u>fact</u> but a <u>conclusion</u> and thus is not given deference by the Court and is insufficient pleading under <u>Iqbal</u> and <u>Twombly</u>.

The only facts related to the FMLA claim are that Deters' physician provided documentation to Defendants that she was undergoing treatment for her condition and could not return to work until September 14, 2009, and that on September 10, 2009, Deters received the email from the City notifying her that she had until September 15, 2009 to either resign or be fired (doc. 2). From these facts alone, a plausible inference of interference and/or retaliation in violation of the FMLA simply cannot be drawn. Even if an inference could somehow be made that Deters had invoked her rights to leave under the FMLA and that her time off qualified as

8

protected leave under the FMLA, she has offered no facts at all, let alone any that could plausibly support such an inference, that the termination of her employment was in any way caused by the exercise of FMLA rights. This is not surprising because the alleged drinking incident and the investigation occurred before Deters took any time off, and no inference of causation arises when the adverse employment action was considered before the employee engaged in the protected activity. <u>Clark County School Dist. v. Breeden</u>, 532 U.S. 268, 272 (2001). Causation is a necessary element to both a retaliation and an interference claim. <u>See</u>, <u>e.g.</u>, <u>Skrjanc v. Great Lakes Power Service Co.</u>, 272 F.3d 309, 314 (6th Cir. 2001); <u>Wysong v. Dow Chemical Co.</u>, 503 F.3d 441, 447 (6th Cir. 2007). Failure to allege any facts supporting causation is fatal to Deters' FMLA claim. <u>See</u>, <u>e.g.</u>, <u>Scheid</u>, 859 F.2d at 436-37.

Consequently, the Court finds <u>sua sponte</u> that Deters has failed to state an FMLA retaliation or interference claim upon which relief could be granted. Therefore, dismissal of that claim is warranted. <u>See</u>, <u>e.g.</u>, <u>Gooden v. City of Memphis Police Dept.</u>, 29 Fed. Appx. 350, 352 (6th Cir. 2002)(<u>sua sponte</u> dismissal appropriate under either Fed. R. Civ. P. 12(b)(1) or (6)); <u>Siemientkowski v. Moreland Homes, Inc.</u>, 25 Fed. Appx. 415, 416 (6th Cir. 2002)(affirming district court's decision to dismiss complaint <u>sua sponte</u> when complaint did not contain allegations reasonably

9

suggesting a valid federal claim).

Even though Deters' FMLA claim was the sole basis for this Court's jurisdiction, dismissal of that claim at this stage does not automatically divest the Court of its jurisdiction. Long v. Bando Mfg. of America, Inc., 201 F.3d 754, 758 (6th Cir. 2000)(noting that whether to the retention of pendent state law claims when federal question jurisdiction is no longer present is a question of judicial discretion not of subject matter jurisdiction). However, the Court may properly dismiss the remaining pendent state-law claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 356 (1988)("[W]hen a removed case involves pendent state-law claims, a district court has undoubted discretion to decline to hear the case."). Indeed, in a case such as this, where all federal-law claims are dismissed long before trial, the favored approach is to dismiss the case without prejudice. Id. at 350 ("When the balance of these factors [judicial economy, convenience, fairness and comity] indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should...dismiss[] the case without prejudice.")(emphasis added). Defendants correctly note that this is not an inflexible, mandatory rule (doc. 14). However, the Court finds that this case is exactly the type of case contemplated by the law favoring dismissal: the matter is at the motion-to-dismiss

stage, thus early in the process; there are immunity issues raised by Plaintiffs' claims that are not definitively resolved by the Ohio Supreme Court; and no compelling federal interest or policy is presented by the claims remaining in this case.

      Therefore, having found that Plaintiffs have failed to state a claim for relief as to their sole basis for federal jurisdiction, the Court declines to exercise jurisdiction over the remaining state-law claims.  The Court thus DISMISSES WITHOUT PREJUDICE the Plaintiffs' complaint in its entirety.  This order clearly renders Plaintiffs' motion to amend (doc. 12) moot.


SO ORDERED.

Dated: August 3, 2010        /s/ S. Arthur Spiegel
                                     S. Arthur Spiegel
                                     United States Senior District Judge